## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

SHANNON KONG-QUEE,

     Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and PROCOLLECT, INC.,

     Defendant.

CASE NO.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, SHANNON KONG-QUEE (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and PROCOLLECT, INC. (hereinafter "ProCollect") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by the FCRA.

10.    Experian is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     ProCollect is a corporation headquartered in the State of Texas, authorized to conduct business in the State of Florida through its registered agent,

Registered Agent Solutions, Inc., located at 2894 Remington Green Lane, Suite A, Tallahassee, Florida 32308.

17.     ProCollect is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     ProCollect furnished Plaintiff's information to the CRAs, which was inaccurate.

## **FACTUAL ALLEGATIONS**

19.     Plaintiff is alleged to owe a debt to ProCollect, partial account number 431430**** ("ProCollect Account"), regarding a collection account on behalf of original creditor, Bezel Miami Worldcenter Apartment. Plaintiff never applied or gave permission to anyone to apply using her information for this account.

20.     Plaintiff is a victim of identity theft. She first became aware of this when she began to receive numerous fraud alerts on her Experian account and learned of an unauthorized credit card account on her Experian credit report.

21.     In response to this inaccurate reporting, on or about August 19, 2022, Plaintiff filed a police report with the Davie Police Department regarding the fraud.

22.     In or about November 2022, Plaintiff first became aware of the ProCollect Account when she was contacted by ProCollect seeking to collect the outstanding debt.

23. Shortly thereafter, Plaintiff contacted Experian and Trans Union to dispute the ProCollect Account online.

24. On or about November 4, 2022, Experian responded to Plaintiff's online dispute by stating the ProCollect Account was verified as accurate.

25. Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, ProCollect.

26. Experian never attempted to contact Plaintiff during the alleged investigation.

27. Upon information and belief, Experian notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

28. Following her online dispute, Plaintiff did not receive results from Trans Union. However, upon a later review of her Trans Union credit report, Plaintiff observed a comment that indicated her dispute of the ProCollect Account was previously in dispute and was verified as accurate.

29. Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, ProCollect.

30.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.    Upon information and belief, Trans Union notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

32.    Due to the continued inaccurate reporting, on or about December 6, 2022, Plaintiff filed an updated police report with the David Police Department regarding the fraudulent ProCollect Account.

33.    Plaintiff continued to dispute the fraudulent ProCollect Account online without much success.

34.    On or about October 13, 2023, Plaintiff obtained updated copies of her Experian and Trans Union credit reports. Upon review, Plaintiff observed names that were not hers and multiple inquiries she did not authorize on her credit file. Additionally, Plaintiff was frustrated to find that despite multiple disputes and filing a police report, the fraudulent ProCollect Account continued to appear on her credit reports with a balance of $605.

35.    Due to the continued inaccurate reporting, on or about October 23, 2023, Plaintiff mailed detailed written dispute letters to Experian and Trans Union.

In the letter, Plaintiff disputed the names and inquiries being reported which were not hers. Further, she explained she never signed a lease or agreement with Bezel Miami Worldcenter Apartment, and she did not owe the debt to ProCollect. As proof of her identity, Plaintiff included a copy of her driver's license in the letter. Additionally, Plaintiff included images of the erroneous reporting and a copy of the police report filed with the Davie Police Department.

36.     Plaintiff mailed her detailed written dispute letters via USPS Certified Mail to Experian (7020 3160 0001 0101 2655) and Trans Union (7020 3160 0001 0101 2679).

37.     Despite confirmation of deliver on October 26, 2023, Plaintiff did not receive a response from Experian regarding her dispute of the ProCollect Account.

38.     Despite confirmation of delivery on October 27, 2023, Plaintiff did not receive a response from Trans Union regarding her dispute of the ProCollect Account.

39.     On or about November 27, 2023, Plaintiff obtained updated copies of her Experian and Trans Union credit reports. To Plaintiff's relief, the ProCollect Account was no longer being reported to her credit file.

40.     As a result of the actions and/or inactions of Defendants, Plaintiff suffered damage to her credit score.

41.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions and/or inactions;

    iv.    Reduction in credit score; and

    v.    Apprehensiveness to apply for credit due to the fear of rejection;

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

42.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

43.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

44.     Experian allowed for a Furnisher to report inaccurate information on an account.

45.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

46.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Davie Police Department police report, which contained sworn testimony of the fraud.

47.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

48.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

50.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

51.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.     Experian allowed for a Furnisher to report inaccurate information on an account.

53.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

54.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Davie Police Department police report, which contained sworn testimony of the fraud.

55.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

56.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

58.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

59.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

60.    Experian took no independent action to investigate the dispute.

61.    Experian chose to ignore this information and simply parroted the information provided by the Furnisher, ProCollect.

62.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in

applying for credit or housing, and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

65.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

66.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

67.     Experian took no independent action to investigate the dispute.

68.     Experian chose to ignore this information and simply parroted the information provided by the Furnisher, ProCollect.

69.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

71.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

73.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.    Trans Union allowed for a Furnisher to report inaccurate information on an account.

75.    Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

76.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Davie Police Department police report, which contained sworn testimony of the fraud.

77. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

78. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

80.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

81.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Trans Union allowed for a Furnisher to report inaccurate information on an account.

83.     Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

84.     Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Davie Police Department police report, which contained sworn testimony of the fraud.

85.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.   Trans Union took no independent action to investigate the dispute.

91.   Trans Union chose to ignore this information and simply parroted the information provided by the Furnisher, ProCollect.

92.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

93.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

94.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

96.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

97.    Trans Union took no independent action to investigate the dispute.

98.    Trans Union chose to ignore this information and simply parroted the information provided by the Furnisher, ProCollect.

99.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, ProCollect, Inc. (Negligent)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

103.   ProCollect furnished inaccurate information about Plaintiff to the CRAs, including by not limited to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

104.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the ProCollect Account; (ii) failing to accurately respond to Experian and Trans Union; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ProCollect Account to the consumer reporting agencies.

105.   Plaintiff provided all the relevant information and documents necessary for ProCollect to determine that it was furnishing inaccurate information. ProCollect did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished to the CRAs.

106.   Instead, ProCollect knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the debt truly belong to Plaintiff.

107.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Experian and Trans Union. ProCollect had been aware of Plaintiff's disputes but continued to erroneously report.

108.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Experian and Trans Union, that ProCollect knew was inaccurate.

109.   As a result of this conduct, action, and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

110.   The conduct, action and/or inaction of ProCollect was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

111.   Plaintiff is entitled to recover reasonable attorney's fees and costs from ProCollect in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual damages against Defendant, PROCOLLECT, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, ProCollect, Inc. (Willful)

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

113.   ProCollect furnished inaccurate information about Plaintiff to the CRAs, including by not limited to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

114.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the ProCollect Account; (ii) failing to accurately respond to Experian and Trans Union; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ProCollect Account to the consumer reporting agencies.

115.   Plaintiff provided all the relevant information and documents necessary for ProCollect to determine that it was furnishing inaccurate information. ProCollect did not have a reasonable basis to believe that Plaintiff was responsible for the account it furnished to the CRAs.

116.   Instead, ProCollect knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the debt truly belong to Plaintiff.

117.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Experian and Trans Union. ProCollect had been aware of Plaintiff's disputes but continued to erroneously report.

118.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Experian and Trans Union, that ProCollect knew was inaccurate.

119.   As a result of this conduct, action, and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, by reduction in credit score; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

120.   The conduct, action and/or inaction of ProCollect was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

121.   Plaintiff is entitled to recover reasonable attorney's fees and costs from ProCollect in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, SHANNON KONG-QUEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PROCOLLECT, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHANNON KONG-QUEE, demands judgment for damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and PROCOLLECT, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Dated this 30th day of November, 2023.

Respectfully Submitted,

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*